IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


ROBERT RHYNE, II,
JOSEPH KEELEY, and
MELISSA RHYNE

        Plaintiffs,

v.                                     Civil Action No.: _____

MARTIANCRAFT, LLC

        Defendant.


**NOTICE OF REMOVAL**

        NOW COMES MartianCraft, LLC ("MartianCraft" or the "Company") and files this Notice of Removal pursuant to 28 U.S.C. §1446, removing this action from the Circuit Court for the City of Norfolk, Virginia (the "Circuit Court") to the United States District Court for the Eastern District of Virginia, Norfolk Division.  A brief statement of the grounds for removal are as follows:

        1.      MartianCraft was served with a copy of the Summons and Complaint in this action by personal service on its registered agent on October 16, 2020.  A true copy of the Summons and Complaint that was served on MartianCraft is attached hereto as **Exhibit A**.

        2.      Thirty days have not yet expired since the action became removable to this Court.

        3.      The Complaint and Summons are the first and only pleadings delivered to MartianCraft in this action.

        4.      On November 13, 2020, MartianCraft filed, with the Circuit Court a Demurrer and a Motion Craving Oyer.  To the best of the Company's knowledge, those are the only papers, other

than the Complaint, filed to date in this matter.  True and correct copies of the Demurrer and the Motion Craving Oyer are attached hereto and marked collectively as **Exhibit B**.

5.     To the best of MartianCraft's knowledge, the Circuit Court's entire file as of the date of this Notice consists of the documents attached hereto as Exhibits A and B.

6.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) since (i) the amount at issue exceeds $75,000; and (ii) this dispute is between citizens of different states.

7.     With regard to the former, the plaintiffs allege in their Complaint that "[h]undreds of thousands of dollars in attorney's fees and related costs and expenses have been incurred related to" a case before the Richmond Circuit Court (the "Richmond Court") styled *MartianCraft, LLC, et. al. v. Kyle T. Richter,* CL17-6079 (the "Richmond Litigation").  Complaint, ¶37.  The plaintiffs then seek declaratory judgment that these fees and costs are subject to the indemnification provisions of the Company's Operating Agreement.  Complaint, ¶s 38-39.

8.     With regard to the latter, the plaintiffs are (i) Robert Rhyne ("Mr. Rhyne"), a citizen of the State of California; (ii) Melissa Rhyne, a citizen of the State of California; and (iii) Joseph Keeley ("Mr. Keeley"), a citizen of the State of Colorado.  The sole defendant is MartianCraft, an unincorporated association, which is a citizen of the State of Alaska.

9.     As an unincorporated association, MartianCraft's citizenship is determined solely based upon the citizenship of its members.  The Company's membership interests are held by: (i) Kyle Richter ("Mr. Richter"), a resident of the State of Alaska; (ii) Mr. Rhyne; (iii) Mr. Keeley; and (iv) Nick Keppol ("Mr. Keppol").  Ordinarily, this would defeat diversity since Mr. Rhyne and Mr. Keeley are also plaintiffs in this matter.  However, Mr. Rhyne, Mr. Keeley and Mr. Keppol were all dissociated pursuant to a June 25, 2018 Consent in Writing of the Manager of MartianCraft, LLC.  A true and correct copy of the June 25, 2018 Consent is attached hereto as

**Exhibit C**.  The impact of the June 25, 2019 Consent is described by Mr. Richter, the individual

who executed the June 25 Consent, in his testimony at an August 12, 2019 hearing in the Richmond

Litigation.  As stated by Mr. Richter:

> Q:   Tell me about what action you were taking in this consent in writing on June 25th.
>
> A:   This consent in writing removed the – the rights of certain members to participate in the management of the LLC.  I believe the technical term – and I don't want to speak from a legal perspective – is a dissociation.

Transcript of August 12, 2019 Hearing, pp. 47 – 48, copies of which are attached hereto as

**Exhibit D.**

10.     In a Letter Opinion issued on August 20, 2019, an Order entered on September 9,

2019, a Letter Opinion issued on October 28, 2019, and an Order entered on November 7, 2019,

the Richmond Court held that the June 25, 2018 Consent was valid.[1]  True and correct copies of

the August 20, 2019 Letter Opinion, the September 9, 2019 Order, the October 28, 2019 Letter

Opinion and the November 7, 2019 Order are attached hereto and marked as **Exhibits E, F, G and**

**H**, respectively.   Because the other members of the Company have been dissociated,

MartianCraft's citizenship is determined by the citizenship of its sole remaining member, Mr.

Richter.   See *Inteliclear, LLC v. Victor,* 2016 WL 5746349 (D. Conn. 2016) (noting that a

dissociated member is not considered when determining the citizenship of a limited liability

company for diversity purposes).

11.     Pursuant to 28 U.S.C. Section 1446(d), the Company is simultaneously filing a

copy of this Notice with the Norfolk Circuit Court, and notifying that Court of the removal.  A true

---

[1] The October 28, 2019 Letter Opinion and the November 7, 2019 Order re-affirm the Richmond Court's rulings in the prior Letter Opinion and Order.

copy of the Notice to State Court of Removal, without the exhibit, is attached hereto as **Exhibit I**.[2]

12.     By filing this Notice of Removal, MartianCraft does not waive any of its objections or affirmative defenses to the Complaint as raised in the Demurrer or Motion Craving Oyer. MartianCraft respectfully requests that this Honorable Court treat the Demurrer as a Motion to Dismiss under Rule 12(b)(6).  *McCray v. Ardelle Associates Inc.,* 2015 WL 3886318 (E.D. Va. 2015) (treating demurrer filed prior to removal as a Motion to Dismiss under Rule 12(b)(6)). Because the Court may consider documents attached to a Motion to Dismiss so long as they are integral to the Complaint (see *Philips v. Pitt County Memorial Hospital,* 572 F.3d 176, 180 (4th Cir. 2009)), a ruling on the Motion Craving Oyer is unnecessary unless this matter is remanded to the Norfolk Circuit Court.

WHEREFORE, MartianCraft, LLC respectfully submits that this Notice of Removal complies with the statutory removal requirements; that this action should proceed in this Honorable Court as a properly removed action; and that MartianCraft should have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ John D. McIntyre*
John D. McIntyre (VSB No. 35925)
Solomon H. Ashby, Jr. (VSB No. 39040)
McIntyre Stein, PLLC
101 West Main Street, Suite 920
Norfolk, Virginia 23510
(757) 961-3900 (T)
(757) 961-3966 (F)
jmcintyre@mcintyrestein.com
sashby@mcintyrestein.com
*Counsel for MartianCraft, LLC*

---

[2] The only exhibit to the Notice filed with the Norfolk Circuit Court is a copy of this Notice.  It is not included with Exhibit I solely to avoid overburdening the Court's file unnecessarily.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2020, a true copy of the foregoing Notice of Removal was mailed, via First Class United States Mail, postage prepaid, to:

Michael A. Montgomery, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street, Suite 1300
Richmond, VA  23219
*Counsel for the Plaintiffs*

*/s/ John D. McIntyre*
John D. McIntyre